# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-1055 Monica Guessous v. Fairview Property Investments LLC |
| **Originating No. & Caption** | 1-14-cv-00224. Monica Guessous v. Fairview Property Investments LLC |
| **Originating Court/Agency** | U.S. District Court. Eastern District of Virginia, Alexandria Division. |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 & Appellate Local Rule 3 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | December 17, 2014 |
| Date notice of appeal or petition for review filed | January 10, 2015 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ● Yes   ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ☑ Yes | ☐ No |
| Has transcript been filed in district court? | ☑ Yes | ☐ No |
| Is transcript order attached? | ☑ Yes | ☐ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ☐ Yes | ☑ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ☑ Yes | ☐ No |
| Does case involve question of first impression? | ☐ Yes | ☑ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ☐ Yes | ☑ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff is an Arab-American Muslim female originally from Morocco. She is of Arab/Middle Eastern descent. She was employed by her employer and appellee Fairview Property Investments LLC (FPI) from 2007-March 1, 2013. She was the only Arab female employed in an all Caucasian workplace. She was employed as a Bookeeper/Assistant Property Manager. During the duration of her employment she was deemed a model employee and the President of the FPI described her as the "backbone of the [accounting/bookkeeping] operation." In 2008 she began reporting to the Chief Financial Officer Mr Greg Washenko, a Caucasian American male. Almost immediately he engaged in racial stereotypes, by informing the Plaintiff that Arabs are crooks and that they cannot be trusted. These sterotypes were escalated in 2009 to 2012, whereupon sometime in Winter 2011/Spring 2012, the CFO for two (2) continious weeks informs his all Caucasian and American staff, that his lone Muslim employee tried to food poison him. On December 6, 2012, the Plaintiff engages in protected activity by complaining to the CFO about his past discriminatory and harassing behavior. On this day she also calls him a "racist." Barely 75 minutes after this conversation, two emails are sent by the President of FPI, Ms. Mary Alexander, to external 3rd parties and employers, seeking job opportunities for the Plaintiff. Less than 90 days after this December 6, 2012 conversation |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

she is terminated on March 1, 2013 by the CFO Mr. Washenko. Defendant's in their MSJ maintain that she was terminated because of a reassignment in job responsibilities or a reduction in force (RIF) because of the bad economic climate during 2012-2013. However Defendant's produced not a single document evidencing a RIF, nor any financial documents, such as their corporate tax returns, evidencing a tough economic climate or conditions within FPI, showing the loss of income and profits. Also, not a single FPI employee, including others that were similarly situated as the Plaintiff, was ever told of a RIF, nor were any other employee, suspended, terminated, or had their hours reduced because of this RIF. The only person that was impacted by the RIF, was the very person who was being mocked and harassed because of her religion (Islam) and Race (Middle Eastern) only to be then terminated by the CFO.

Also during oral argument in opposition to the MSJ, we informed the Honorable Judge Gerald Lee, that when in response to our RFD No. 19, when we asked FPI to produce all documents discussing her removal or termination, FPI produced two emails dated December 6, 2013 - the very day she engaged in protected activity. No other documents were produced discussing a RIF or her termination other than these two emails sent by the President of FPI. For all intents and purposes then, FPI never had a RIF. The lower court ignored this evidence and granted MSJ.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Monica Guessous<br><br>Attorney: A.J Dhali, Esq<br>Address: Dhali PLLC. 1629 K. Street. NW. Suite 300 Washington D.C 20006.<br><br>E-mail: ajdhali@dhalilaw.com<br><br>Phone: 202-556-1285 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Arinderjit (A.J) Dhali          **Date:** 1/29/2015

**Counsel for:** Monica Guessous

**Certificate of Service**: I certify that on __1/29/2015__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: /s/ Arinderjit (A.J) Dhali          Date: 1/29/2015

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MONICA GUESSOUS, | |
| Plaintiff, | |
| v. | Civil Action 1:14-cv-00224 |
| | Appeal No. 15-1055 |
| FAIRVIEW PROPERTY INVESTMENTS, LLC | |
| Defendant. | |

## PLAINTIFF'S NON-BINDING STATEMENT OF ISSUES ON APPEAL SUBMITTED WITH THE DOCKETING STATEMENT

1. Did the District Court violate its duty of neutrality by viewing the evidence in a light most favorable to the Defendant's, and usurping the functions of a jury, when it held that an email seeking the Plaintiff's removal sent by her employer within 75 minutes of the Plaintiff's protected activity, was of zero consequence and no evidence of discrimination and/or retaliation?

2. Where the Defendant in this case maintains that the Plaintiff's claims of a racially discriminatory and hostile work environment are time barred as under Title VII and Section 1981, did the District Court err in not considering the application of equitable estoppel for the timely filing of her claims, when the Defendant does not have a Human Resource (HR) Department, HR Administrator, HR Intern, Title VII poster, employer-

1

employee handbook or manual, informing the Plaintiff of her employment law rights?

3. Where as in here, the Defendant's had a Reduction in Force (RIF) for economic reasons, and the sole person terminated was the Plaintiff, only for all the staff members outside of the Plaintiff's protected class to still be employed with the Defendant , did the District Court again view the evidence in a light most favorable to the Defendant, when the employer presented zero documentary evidence of a RIF, and/or other financial statements or documents such as corporate tax returns evidencing the loss of corporate profits?

4. Did the District Court again err when it held that a single use of the derogatory term "camel jockey" by Plaintiff's immediate and primary supervisor the Chief Financial Officer (CFO) to the Plaintiff (a Muslim female from Morocco) was not sufficiently severe enough to be actionable under a hostile work environment theory?  The CFO also for two continuous weeks (or 10 working days) told his all Caucasian and American staff, that his lone Muslim female employee tried to kill him by poisoning his food (indirectly equating her act with suicide bombers, Muslim terrorists and or *jihadists*).

5. Did the District Court err when it held that the Plaintiff was not discriminated and/or retaliated against because of her pregnancy, when the Plaintiff was offered a higher monthly insurance premium than her non-pregnant comparators, and had all her duties stripped upon her return from maternity leave and/or was terminated four months after she returned from maternity leave?

Respectfully Submitted,

/s/ A.J Dhali
Dhali PLLC
1629 K. Street. NW. Suite 300
Washington D.C. 20006
T: (202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com
*Attorney for the Plaintiff-Appellant Monica Guessous*
January 29, 2015
